IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:13CR3025 |
| vs. | |
| NOE LOERA, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant's motion for a new trial, Filing No. 114.  The defendant was indicted on one count of distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841, as well as aiding or abetting the distribution of methamphetamine under 18 U.S.C. § 2.  After a trial on July 29, 2013 to August 1, 2013, the jury returned a verdict of guilty to the charge of drug distribution. Filing No. 108.

The defendant argues that there was insufficient evidence that he took part in distribution of methamphetamine. He also argues that a recent memorandum by Attorney General Eric Holder supports a new trial.  See Filing No. 115, Index of Evid., Ex. 1, Memorandum to the United States Attorneys and Assistant Attorney General for the Criminal Division dated August 12, 2013.  Further, he argues he was targeted by law enforcement because of his Hispanic heritage.

The court may grant a new trial to the defendant "if the interest of justice so require." Fed. R. Crim. P. 33.  District courts have broad discretion in passing upon motions for new trial and such rulings are subject to reversal only for a clear abuse of discretion. United States v. Wilkins, 139 F.3d 603, 604 (8th Cir. 1998); United States v.

*Brown*, 108 F.3d 863, 866 (8th Cir. 1997).  In assessing the defendant's right to a new trial, the court must weigh the evidence and evaluate for itself the credibility of the witnesses.  *United States v. Lincoln*, 630 F.2d 1313, 1316 (8th Cir. 1980).  The verdict must be allowed to stand unless the district court ultimately determines that a miscarriage of justice will occur.  *United States v. Cole*, 721 F.3d 1016, 1023 (8th Cir. 2013).  The court should "balance the alleged errors against the record as a whole and evaluate the fairness of the trial" to determine whether a new trial is appropriate.  *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988).  The authority to grant new trials, however, "should be used sparingly and with caution."  *Lincoln*, 630 F.2d at 1319.  After a careful review of the record under these standards, the court concludes that defendant's motion for a new trial should be denied.

The court finds the evidence is sufficient to support the jury verdict of guilty on the drug distribution charge.  There was evidence of a controlled buy.  The evidence would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.

The Attorney General memorandum, which provides guidelines on when prosecutors should allege certain drug quantities in an indictment so as to trigger a mandatory minimum, is only advisory and would not be retroactive in any event.  The decision of whether or not to prosecute, and what charges to bring, is entirely within the discretion of the prosecutor.  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  The defendant's allegations of discrimination are unsubstantiated and the defendant has made no showing of selective enforcement.  The court finds the defendant's motion for a new trial should be overruled.  Accordingly,

2

IT IS ORDERED that the defendant's motion for a new trial (Filing No. 114) should be overruled.

Dated this 5th day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge